## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DEAN S. SENECA,**<br>348 East Paces Ferry Rd.<br>Unit A2<br>Atlanta, GA 30305, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.: 1:17-cv-181 |
| **SYLVIA MATHEWS BURWELL,**<br>in Her Official Capacity As the Secretary of<br>  The U.S. Department of Health and<br>  Human  Services (Centers for Disease<br>  Control and Prevention)<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201 | ) ) ) ) ) ) ) ) | |
| Defendant. | ) ) | **Jury Trial Demanded** |

## COMPLAINT FOR JUDICIAL REVIEW

Plaintiff, Dean S. Seneca, by and through his undersigned lawyer, complains of the Defendant as follows:

## NATURE AND SUMMARY OF ACTION

1.  Plaintiff Dean S. Seneca files this action against Sylvia Mathews Burwell, in her official capacity as Secretary of the U.S. Department of Health and Human Services ("DHHS"), the Agency responsible for the operation and oversight of the Centers for Disease Control and Prevention ("CDC"), Atlanta, GA, for equitable and declaratory relief under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701 *et seq*.

2.   Plaintiff Seneca seeks an order from this District Court reversing a decision issued against his claims of employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.,* by the U.S. Equal Opportunity Commission ("EEOC"), Office of Federal Operations ("OFO") on October 28, 2016.  Exhibit A.

3.   Specifically, Plaintiff Seneca alleges, *inter alia*, that the OFO decision was issued in error with respect to its finding that he did not demonstrate that the evidence and testimonies of two (2) Agency witnesses, not allowed by Administrative Judge ("AJ") Clarence Bell, would have provided evidence to establish his prima facie case of discrimination.

4.   On September 19, 2012, Plaintiff Seneca filed a formal complaint of discrimination and he has filed numerous other documents alleging discrimination over the multi-year span of his fight for justice against pervasive discriminatory actions by the DHHS, CDC, to prevent him from using his Nationally known and deeply respected skills and experience to assist American Indians and Alaskan Natives to improve their health status and living conditions.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331 and the APA because Plaintiff Seneca challenges as arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and unsupported by substantial evidence the OFO's affirmation of the AJ Bell's Order Entering Judgment and Decision, dated July 16, 2014, finding that a decision without a hearing was

appropriate because the evidence did not support his allegations of discrimination. Exhibit B.

6.  The APA provides a basis for suit where the federal government has unlawfully withheld or unreasonably delayed action as alleged herein.  5 U.S.C. §§ 555(b) and 706(l).

7. Venue is proper in this district under 28 U.S.C. § 1391, because a substantial part of the decisions, events or omissions giving rise to Plaintiff's claims of actionable discrimination occurred before the DHHS, Assistant Secretary for Administration, EEO, Compliance and Operations Division, Washington, DC 20201 and the U.S. EEO Commission, OFO, P.O. Box 77960. Washington, DC 20013.

## PARTIES

8.  Plaintiff Seneca is an employee of the CDC, Atlanta, GA in the position of Health Scientist for the Office of State, Tribal, Local and Territorial Support ("OSTLS") on September 19, 2012 or over four (4) years ago when he filed his formal complaint of Title VII discrimination.

9.  Defendant DHHS Secretary Burwell is sued in her official capacity as the official responsible for the overall management, operation and Title VII compliance of the CDC, a U.S. federal agency under the DHHS, headquartered near Atlanta, GA whose main goal is to protect public health and safety through the control and prevention of disease, injury, and disability, including federally recognized Tribes and their members.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. On September 19, 2012, Plaintiff filed an EEO Complaint alleging that the Agency discriminated against him on the bases of race (Seneca Indian), national origin (Seneca Indian), religions (Catholic/Long House), color (medium Brown), and reprisal for prior protected activity.

11. On July 16, 2014, AJ Bell's Order Entering Judgment and Decision without a hearing, found that Plaintiff had not been subjected to disparate treatment, reprisal and hostile work environment harassment.  Exhibit B.

12. On August 18, 2014, the DHHS, Office of the Secretary, Assistant Secretary for Administration, EEO Compliance and Operations Division, Washington, DC, notified Plaintiff that HHS would adopt and fully implement the Order Entering Judgment and Decision of EEOC AJ Bell.  Exhibit C.

13. On October 28, 2016, the OFO issued its Decision affirming the prior Agency determinations of AJ Bell that Plaintiff was not subjected to discrimination, reprisal, and or a hostile work environment with regard to management's work decisions.  Plaintiff and his attorney physically received the OFO Decision on November 1, 2016 and the ninety (90) day time period for filing this civil action under the APA falls on January 30, 2017.

14. Plaintiff timely filed this complaint for judicial review of the OFO Decision under the APA and is seeking reversal of AJ Bell's Decision which excluded the witnesses.

-4-

## FACTS RELEVANT TO ALL COUNTS

15. AJ Bell's July 16, 2014 Order Entering Judgment and Decision stated:

> After careful review of the record, the AJ finds that the issuance
>
> of a decision without a hearing is appropriate in this case.  The
>
> record has been adequately developed.  Exhibit B, p. 9.

16. AJ Bell's Order noted, at p. 15:

> A decision without a hearing is appropriate in this case, because
>
> the evidence does not support Complainant's allegations of
>
> discrimination.  Further, there is no genuine dispute, with
>
> respect to a material fact, or issue of credibility which would
>
> necessitate a hearing on the merits of Complainant's allegations
>
> of discrimination.

17. Plaintiff filed his "Appellant's Brief in Support of Appeal" with the OFO on October 15, 2014 arguing in extreme detail that AJ Bell erred in rendering a Decision Without a Hearing that prevented him from securing the testimonies of two "critical" witnesses both during the discovery state of his Title VII complaint and at hearing which never occurred.  Exhibit D, p. 8.

18. In its October 28, 2016 Decision, the OFO stated, at p. 6-7:

> With respect to Complainant's contentions on appeal that the two
>
> Agency witnesses, who were not allowed by the AJ, would have
>
> established a prima facie case, we find that the Complainant did
>
> not demonstrate that the evidence that they would have provided

would have established his prima facie case.  Notwithstanding,

the Commission, like the AJ, assumed arguendo that a prima

facie case was established by Complainant in reaching the

decision that he was not discriminated against.  Thereafter, the

Agency articulated legitimate, nondiscriminatory reasons for its

actions as was discussed above.  The burden then returned to

Complainant to establish that the Agency's reasons were pretext

for discrimination.  We find that Complainant did not present any

evidence which suggest that reprisal or discriminatory animus

was involved in these matters.

## COUNT I

## Arbitrary and Capricious Denial of Hearing - AJ Bell Decision

19. Plaintiff incorporates and restates each of the above paragraphs as fully

set forth herein and his prior arguments in the administrative record on the failure

of the Agency to produce witnesses critical to proving the prima facie element of his

claims.

20. Defendant Agency, OFO and AJ Bell acted arbitrarily and capriciously,

and contrary to regulations governing an EEO Complainant's request for a hearing

because the evidence in the record established clearly and conclusively that two (2)

Agency employee witnesses, Kristin Brusuelas and Craig Wilkins were crucial

witnesses named by Plaintiff Seneca early on in the EEO investigation process.

21. Plaintiff filed his Motion for Sanctions for Failure of Agency to Produce Witnesses for Interview on November 20, 2013 demanding the Agency bring forward key witnesses for interview by Kimberly Seveur, the EEO investigator assigned to complete the Report of Investigation (ROI).  Exhibit E.

22. In his Motion for Sanctions, p. 2, Plaintiff argued to AJ Bell the extreme significance of making Brusuelas and Wilkins come forward as witnesses:

> Prior to initiating her interviews, Ms. Seveur was given a list of witnesses by Complainant on January 30, 2013.  *See* Exhibit A. Seneca listed as "Critical Witnesses" the names of Kristin Brusuelas, Director, Field Services, and Craig Wilkins, Senior Liaison Officer.  Complainant noted in his Critical Witness list that their interviews were justified on the basis that Ms. Brusuelas "supervised the tribal work at CDC" and Wilkins was "Indian staff who witnessed the discrimination throughout the entire time."

23. In his Motion for Sanctions, p. 5, Plaintiff described to AJ Bell why Brusuelas testimony was essential and critical because she was a senior OSTLTS leader and was the supervisor over Tribal Initiatives when the decision was made that the Complainant was prohibited from working with and on American Indian/Alaska Native health.

24. In his Motion for Sanctions, pp. 7-11, Plaintiff described to AJ Bell why Wilkins testimony was essential and critical because he was a senior leader in OSTLTS and, at that time, held the position of Acting Director of Tribal Support.

25. Plaintiff filed his Opposition to Agency's Motion for a Decision Without a Hearing on February 11, 2014.  Exhibit F.  Plaintiff stated in his Opposition, p. 22:

> Deeply concerned about the vacuum left by the omission of sworn interviews of Brusuelas Wilkins from the ROI, Complainant filed, on November 30, 2013, a "Motion for Sanctions for Failure of Agency to Produce Witnesses for Interview".  In his Motion for Sanctions, he further elaborated on the deep significance of both co-worker's testimony.  By Order, dated November 26, 2013, the Commission rejected his Motion for Sanctions stating" "If witnesses are determined to be relevant, the administrative judge can issue an order directing the agency to make the witnesses available for a hearing on the merits of Complainant's allegations of discrimination."  Relevant to the issue of the extreme significance of both Brusuelas' and Wilkins' testimony at hearing, Complainant Seneca notes that Ms. Brusuelas name is excluded form the list of five (5) persons named in the Agency's Witness List, dated November 14, 2013.

26. Plaintiff believes that he has more than reasonably and adequately placed in the administrative record for over four (4) years proof of the relevance and

significance of Brusuelas' and Wilkins' testimony to his efforts at proving the elements of his prima facie case of discrimination.

27. AJ Bell issued his Order Regarding Motion for Sanctions (Exhibit G) on November 26, 2013:

> Consistent with the instructions in the Order Regarding the Hearing Process, Complainant may submit his witness list to the administrative judge for approval.  If the witnesses are determined to be relevant, the administrative judge can issue an order directing, the agency to make the witnesses available for hearing on the merits of Complainant's allegations of discrimination.

28. The administrative record created when the action was before AJ Bell proves that Plaintiff Seneca cited his position on the necessity of bringing the two (2) absent witnesses so he could see if their testimony was relevant to prove his claims of discrimination and all the prima facie elements to support them.

29. AJ Bell failed to review Plaintiff's arguments and dismissed them without proper comment, analysis and rationale.

30. The Defendant Agency's, OFO's and AJ Bell's actions in withholding, shielding and obstructing Brusuelas' and Wilkins' testimony violated the APA, which requires that this Court must set aside the their actions as "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

31. Accordingly, the Defendant Agency has unlawfully withheld action allowing two (2) essential witnesses to provide their testimony during discovery, investigation and at hearing in violation of the APA.

## COUNT II

### Arbitrary and Capricious Affirmation of AJ Bell's Denial of Hearing Decision by EEO Compliance and Operations Division

32. Plaintiff incorporates and restates each of the above paragraphs as fully set forth herein and his prior arguments in the administrative record on the failure of the Agency to produce witnesses critical to proving the prima facie element of his claims.

33. On August 18, 2014, the DHHS, Assistant Secretary for Administration, EEO, Compliance and Operations Division, Washington, DC 20201 adopted and fully implemented the Order Entering Judgment and Decision of EEOC AJ Bell. Exhibit C.

34. The August 18, 2004 Compliance and Operations Division decision stated:

> On May 21, 2013, following receipt of the report of investigation, Complainant requested a hearing with the Equal Employment Opportunity Commission (EEOC) before an EEOC Administrative Judge (AJ). Only July 16, 2014, EEOC AJ Clarence Bell issued an Order Entering Judgment in favor of the Agency. EEOC AJ Bell found that the issuance of a decision

without a hearing was appropriate for this case because the

evidence did not support Complainant's allegations of

discrimination, and because there was no genuine dispute with

respect to a material fact or issue of credibility, that would

necessitate a hearing on the merits of Complainant's allegations

of discrimination.

35. The Compliance and Operations Division decision adopting AJ Bell's

Order Entering Judgment in favor of the Agency failed to specifically address and

account for the extensive arguments of the essential nature of the testimony of

Kristin Brusuelas, Director, Field Services, and Craig Wilkins, Senior Liaison

Officer, to him proving the prima facie elements of his numerous claims of a

pervasive pattern and practice of discrimination.

36. The Defendant Agency's, OFO's and AJ Bell's actions in wrongfully and

erroneously withholding, shielding and obstructing Brusuelas' and Wilkins'

testimony violated the APA, which requires that this Court must set aside the their

actions as "arbitrary, capricious, an abuse of discretion, or otherwise not in

accordance with law." 5 U.S.C. § 706(2)(A).

37. Accordingly, the Defendant Agency has unlawfully withheld action

allowing two (2) essential witnesses to provide their testimony during investigation,

discovery and at hearing in violation of the APA.

## COUNT III

## Arbitrary and Capricious Affirmation of AJ Bell's Denial of Hearing Decision by OFO

38. Plaintiff incorporates and restates each of the above paragraphs as fully set forth herein and his prior arguments in the administrative record on the failure of the Agency to produce witnesses critical to proving the prima facie element of his claims.

39. The OFO Decision under APA review stated at p. 3:

Complainant timely requested a hearing.  The AJ assigned to the case determined that the complaint did not warrant a hearing and over Complainant's objections, issued a decision without a hearing on July 16, 2014.  The Agency subsequently issued a final order adopting the AJ's finding that Complainant failed to prove that the Agency subjected him to discrimination as alleged.

40. The OFO Decision under APA review (as noted in para. 16 above) stated at p. 6:

With respect to Complainant's contentions on appeal that the two Agency witnesses, who were not allowed by the AJ, would have established a prima facie case, we find that Complainant did not demonstrate that the evidence that they would have provided would have established his prima facie case.  Notwithstanding, the Commission, like the AJ, assumed arguendo that a prima

facie case was established by Complaint in reaching the decision

that he was not discriminated against.

41. The OFO Decision concurring with the Compliance and Operations

Division decision adopting AJ Bell's Order Entering Judgment in favor of the

Agency failed to specifically address and account for the extensive arguments of the

essential nature of the testimony of Kristin Brusuelas, Director, Field Services, and

Craig Wilkins, Senior Liaison Officer, to Plaintiff proving the prima facie elements

of his numerous claims of discrimination.

42. The Defendant Agency's, OFO's and AJ Bell's actions in withholding,

shielding and obstructing Brusuelas' and Wilkins' testimony violated the APA,

which requires that this Court must set aside the their actions as "arbitrary,

capricious, an abuse of discretion, or otherwise not in accordance with law." 5

U.S.C. § 706(2)(A).

43. Accordingly, the Defendant Agency has unlawfully withheld action in

allowing two (2) essential witnesses to provide their testimony during investigation,

discovery and at hearing in violation of the APA.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Court:

A.  Declare that Defendant Agency's failure to order Brusuelas and Wilkins

to appear for questioning by the EEO Investigator during investigation and

discovery was the proximate cause for AJ Bell's decision to rule erroneously on the

merits without conducting a hearing in violation of the APA.

B.  Declare that Defendant Agency's failure to order Brusuelas and Wilkins to appear for questioning by the EEO Investigator during investigation and discovery was the proximate cause for AJ Bell's decision to rule erroneously that Plaintiff did not prove the essential prima facie elements of each of his specifically alleged Title VII violations.

C.  Declare that Plaintiff's inability to bring forward the sworn testimony of Brusuelas and Wilkins at the outset of this EEO action in violation of the APA mandates a declaratory judgment in his favor on the merits of all of his claims of unlawful discrimination because of the wrongful withholding of their testimony.

D.  Declare, alternatively, that an Order be issued by this Court remanding this Title VII complaint back so that AJ Bell's decision excluding the two (2) witnesses testimony is reversed and a new hearing held.

E.  Declare that as to any issues of relevant and material facts in the contested issues that a jury trial is warranted as to those genuine disputed facts.

F.  Order Defendant Agency to award attorney's fees and cost pursuant to 28 U.S.C. § 2412 and/or any other appropriate source.

G.  Grant any other relief the Court may deem on the administrative record as just and proper.

/ / / /

/ / / /

-14-

Dated: January 27, 2017                    Respectfully submitted,


                                        _____/s/_____
                                        Dennis G. Chappabitty
                                        Attorney at Law, Okla. Bar #1617
                                        U.S. District Court, District of
                                        Columbia Bar # DC0001
                                        P.O. Box 2050
                                        Elk Grove, CA 95759
                                        916 682-7786 (telephone/fax)
                                        dennis@chaplaw.us