# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DEAN S. SENECA,

    *Plaintiff*,

v.

THOMAS E. PRICE, M.D., Secretary,
Department of Health and Human Services,

    *Defendant.*

Civil Action No. 17-181 (RDM)

## MEMORANDUM OPINION

Plaintiff Dean S. Seneca is a health scientist at the Center for Disease Control and Prevention ("CDC"), a component agency of the Department of Health and Human Services ("HHS"). Seneca contends that the CDC discriminated and retaliated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* He does not, however, assert a Title VII claim in this action. Rather, invoking the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, Seneca alleges that HHS—and, although not named as a defendant, the Equal Employment Opportunity Commission ("EEOC")—acted in an arbitrary and capricious manner when the EEOC administrative law judge ("ALJ") assigned to adjudicate his case declined to compel two allegedly "essential" witnesses to appear for questioning by an EEO investigator and failed to consider the testimony of those same witnesses before rendering his decision; when HHS adopted the ALJ's decision on the merits; and when the EEOC's Office of Federal Operations affirmed the ALJ's decision. Dkt. 1. In short, Seneca challenges the EEO administrative process under the APA, as opposed to asserting a claim against HHS under Title VII or any other antidiscrimination law.

HHS moves to dismiss Seneca's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See* Dkt. 9. HHS argues that, because Seneca has an adequate remedy at law—a private right of action under Title VII—he cannot invoke the APA to challenge the investigation and adjudication of his administrative EEO complaint. *Id.* at 8–10. As explained below, the Court agrees and will, accordingly, grant HHS's motion to dismiss.

## I. BACKGROUND

For purposes of the pending motion to dismiss, the Court accepts the allegations in Seneca's complaint and incorporated materials as true. *See Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011); *see also Nichols v. Vilsack*, No. 13–01502, 2015 WL 9581799, at *1 (D.D.C. Dec. 30, 2015) (explaining that in "adjudicating a motion to dismiss for failure to state a claim, a court may consider, along with the facts alleged in the complaint, 'any documents either attached to or incorporated in the complaint and matters' subject to 'judicial notice'") (quoting *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997)).

On September 19, 2012, Seneca, an employee at the CDC's Office of State, Tribal, Local and Territorial Support, filed an administrative EEO complaint with HHS, alleging that the CDC "discriminated against him on the bases of his race (Seneca Indian), national origin (Seneca Indian), religions (Catholic/Long House), color (medium Brown), and reprisal for prior protected activity." Dkt. 1 at 4 (Compl. ¶10); *see also* Dkt. 1-2 at 2. Seneca asserted, among other things, that the CDC "created a written policy . . . that specifically targeted [him] by excluding him from certain program activities/assignments related to American Indian tribal activity;" that CDC used the policy "to intimidate, harass, and interfere with [his] pursuit of pending EEO matters;" that he was "denied the opportunity to conduct a program review . . . of one of his grantees" because "of his race;" and that he "was subjected to disparate treatment when he was denied the

opportunity to attend" a meeting.  Dkt. 1-2 at 2.  Seneca, "through his attorney," twice amended his complaint to include additional allegations.  *Id.* at 2–3.

After performing an investigation into Seneca's claims, HHS produced a Report of Investigation ("ROI"), *id.* at 3, and, upon receipt of the ROI, Seneca timely requested a hearing before an EEOC ALJ, Dkt. 1-5 at 9.  In addition, Seneca filed a motion for sanctions, alleging that, in the course of conducting its investigation, HHS failed to make two "critical" witnesses available for interview and that those witnesses would have provided "pertinent" testimony as to "many of the key aspects of his asserted claims of unlawful . . . discrimination."  Dkt. 1-6 at 5–11.  The ALJ denied that motion, explaining that Seneca could "submit his witness list to the [ALJ] for approval" and that, "[i]f the witnesses [were] determined to be relevant, the [ALJ] c[ould] . . . direct[] [HHS] to make the witnesses available for a hearing on the merits of [Seneca's] allegations of discrimination."  Dkt. 1-8 at 1.  Shortly thereafter, HHS filed a motion requesting a decision from the ALJ on Seneca's complaint without a hearing.  Dkt. 1-5 at 9.  Over Seneca's objection, the ALJ granted that motion on July 16, 2014, and, at the same time, issued a decision on Seneca's Title VII claims on the merits.  Dkt. 1-3 at 16.  The ALJ did not seek or consider the testimony of the two witnesses.  He explained: Because "there [wa]s no genuine dispute" with "respect to a material fact" or any "issue of credibility," there was no need to hold "a hearing on the merits of [Seneca's] allegations of discrimination."  Dkt. 1-3 at 16.  On the merits, the ALJ concluded that Seneca "failed to prove that [HHS] subjected him to discrimination as alleged."  Dkt. 1-2 at 3.  HHS, in turn, "adopt[ed] and fully implement[ed]" the ALJ's ruling as its final decision.  Dkt. 1-4 at 1–3.

On September 19, 2014, Seneca appealed HHS's adoption of the ALJ's decision to the EEOC's Office of Federal Operations, arguing that the ALJ "erred in issuing a decision without a

3

hearing" because "two management witnesses [who] could have proved his prima facie case were not interviewed," resulting in a "record [that] was not complete." Dkt. 1-2 at 1, 6–7. In a decision issued more than two years later, the EEOC disagreed, concluding that Seneca had "not demonstrate[d] that the evidence that [the witnesses] would have provided would have established his prima facie case," and, even assuming that Seneca had proven his prima facie case, the EEOC determined that Seneca had not "present[ed] any evidence" showing that HHS's "articulated legitimate, nondiscriminatory reasons" for its actions "were pretext for discrimination." *Id.* at 4–5.

Seneca then filed suit in this Court, alleging that the ALJ, HHS, and the EEOC's Office of Federal Operations acted arbitrarily and capriciously by failing to solicit or to consider the testimony of the two "critical" witnesses he identified in the course of the EEO investigation and administrative proceeding. *See, e.g.*, Dkt. 1 at 5 (Compl. ¶ 17); *id.* at 6–10 (Compl. ¶¶ 19–31) (challenging the ALJ's decision to issue a decision without holding a hearing); *id.* at 10–11 (Compl. ¶¶ 32–37) (challenging HHS's adoption of the ALJ's decision); *id.* at 12–13 (Compl. ¶¶ 38–43) (challenging the EEOC's affirmance of HHS's adoption of the ALJ's decision).

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is designed to "test[] the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In evaluating such a motion, the Court "must first 'tak[e] note of the elements a plaintiff must plead to state [the] claim' to relief, and then determine whether the plaintiff has pleaded those elements with adequate factual support to 'state a claim to relief that is plausible on its face.'" *Blue v. District of Columbia*, 811 F.3d 14, 20 (D.C. Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675, 678 (2009)) (alterations in original) (internal citation omitted).

4

Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, [if] accepted as true, to 'state a claim to relief that is plausible on its face,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

### III. ANALYSIS

"[F]inal agency action" is only "subject to judicial review" under the APA if "there is no other adequate remedy in a court." 5 U.S.C. § 704. The question raised by HHS's motion to dismiss is whether Title VII's provision permitting individuals to bring "civil action[s]" after receiving "notice of final action taken by . . . the [EEOC] upon an appeal" constitutes an "adequate remedy" within the meaning of § 704. 42 U.S.C. § 2000e-16(c). The Court agrees with HHS that it does.

Under Title VII, an aggrieved federal employee like Seneca has the right to *de novo* review in a federal district court if he is dissatisfied with the outcome of the administrative EEO proceeding. *See Chandler v. Roudebush*, 425 U.S. 840, 846 (1976) ("[F]ederal employees are entitled to a trial *de novo* of their employment discrimination claims."); *see also Wright v. Dominguez*, No. 04-5055, 2004 WL 1636961, at *1 (D.C. Cir. July 21, 2004) ("Federal employees . . . are not bound by the outcome of the EEOC's administrative process but are entitled to de novo review in district court regardless of that outcome."). The availability of that *de novo* review, the D.C. Circuit has explained, "provides [an employment discrimination litigant] an adequate remedy in a court within the meaning of 5 U.S.C. § 704 for complaints about the EEOC's administrative process" and "preclud[es] an APA challenge to the EEOC's

5

procedures."[1] *Wright*, 2004 WL 1636961, at *1; *see id.* ("[T]he district court properly concluded that [the plaintiff's discrimination] claims were not reviewable under the Administrative Procedure Act."); *see also Garcia v. Vilsack*, 563 F.3d 519, 522–23 (D.C. Cir. 2009) (explaining that relief is not available under the APA "'where a statute affords an opportunity for *de novo* district-court review' of the agency action") (quoting *El Rio Santa Cruz Neighborhood Health Ctr. v. U.S. Dep't of Health & Human Servs.*, 396 F.3d 1265, 1270 (D.C. Cir. 2005)); *McCall v. Young*, 179 F. Supp. 3d 92, 96 (D.D.C. 2016) (explaining that the "D.C. Circuit's decision in *Wright* . . . emphasizes that an adequate remedy in court exists with respect to *procedural* challenges against the EEOC because a complainant may pursue a *substantive* discrimination claim in Federal district court"). The fact that the plaintiff in *Wright* sought to sue the EEOC, while Seneca seeks to sue HHS, moreover, is irrelevant to the § 704 inquiry; as the D.C. Circuit explained in *Wright*, the relevant question is whether Title VII provides an adequate remedy to a plaintiff dissatisfied with *whatever* EEO process he may have received. Here, as in *Wright*, Title VII provides that remedy.

In his opposition brief, Seneca does not identify any contrary authority. Instead, he simply asserts that he "scrupulously adhered to all Title VII processes" and that he carefully "exhaust[ed] [his] federal administrative remedies." Dkt. 10 at 1, 7. The Court agrees with HHS that these arguments "miss[] the point." Dkt. 11 at 1. HHS does not contend that Seneca failed

---

[1] Other Courts of Appeals have reached the same conclusion. *See, e.g.*, *Ward v. EEOC*, 719 F.2d 311, 314 (9th Cir. 1983) (noting that "Congress could [not] have been more clear in expressing its intent that the private right of action preserved by [Title VII] is 'an adequate remedy in a court' for the alleged shortcomings in the EEOC's handling of the plaintiffs' charges" and holding that the "actions of the EEOC . . . are not reviewable . . . under the APA") (quoting *Hall v. EEOC*, 456 F. Supp. 695, 701 (N.D. Cal. 1978)); *Stewart v. EEOC*, 611 F.2d 679, 684 (7th Cir. 1979) (finding that because "an 'adequate remedy in a court' [wa]s available to appellants" under Title VII, their APA claims were "without merit").

6

to exhaust his administrative remedies; rather, it correctly argues that the vehicle by which he challenges the decisions made by the ALJ, HHS, and the EEOC's Office of Federal Operations is unavailable. Seneca's core contention is that, if HHS had solicited the testimony of the two witnesses he identified, he would have successfully proved the Title VII discrimination and retaliation claims set out in his EEO complaint. *See, e.g.*, Dkt. 1 at 8–9 (Compl. ¶ 26). The proper vehicle to challenge the government's failure to solicit or to consider the testimony of these witnesses is not to challenge the EEO administrative process under the APA, but to file a Title VII complaint, and, if that case proceeds to discovery, to seek to depose those two witnesses and to build the record that Seneca contends was missing before the EEOC and HHS.[2]

## CONCLUSION

For these reasons, the Court will **GRANT** HHS's motion to dismiss Seneca's complaint without prejudice.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: June 27, 2017

---

[2] Because the Court concludes that Seneca's complaint fails to state a claim under the APA, it need not pass on HHS's separate argument that venue does not lie in this district. Dkt. 9-1 at 10–11. The Court notes, however, that failure to bring an action in the proper venue is a valid basis for dismissal under Rule 12(b)(3), and that 42 U.S.C. § 2000e-5(f)(3) mandates that a Title VII action must be brought "in the State in which the unlawful employment practice is alleged to have been committed;" "in the judicial district in which the employment records relevant to such practice are maintained and administered;" or "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice."